## Wytheville.

### Counselman v. Holston National Building and Loan Association.

#### June 29, 1899.

1. Building Associations—*Premiums—Usury—Competitive Bids.*—Under the Tennessee law, which controls this case, building associations are authorized to lend money at the legal rate, and to take such additional premium as may be bid by the borrower, hence such premium does not render the contract usurious and illegal where the premium paid is the result of open and competitive bidding. Nor is the contract rendered usurious by the fact that the payment of interest and premiums for a part of the time is taken in advance.

2. Building Associations—*Premiums—Certainty—Instalments.*—If the date of the maturity of a loan by a building association is fixed and certain, and the premium charged is only payable until the maturity of the loan, this renders the amount of the premium definite and certain, though payable in instalments.

Appeal from a decree of the Circuit Court of Wythe county, pronounced January 2, 1899, in the chancery suit of *Graham* v. *Counselman and Others*, in which both appellant and appellee were defendants.

*Affirmed.*

The suit of *Graham* v. *Counselman* was a suit in chancery to subject the lands of B. F. Counselman to the satisfaction of the liens thereon. The bill set out the deed of trust to secure the appellee, as a prior lien on the land, and the trustee and appellee were made parties defendants to the bill. Counselman

answered and prayed that his answer might be treated as a cross-bill against the appellee, and set up usury against the debt of the appellee. Subsequently Counselman filed his bill against the appellee and the trustee in the deed to secure the debt due it, to enjoin a sale of his property which had been advertised for sale under said deed. The case of *Graham* v. *Counselman* was heard on its merits January 2, 1899, and the decree appealed from then rendered.

*Walker & Caldwell* and *Bolling & Kegley*, for the appellant.

*Robert Crockett, Geo. E. Boren* and *Rhea & Peters*, for the appellees.

RIELY, J., delivered the opinion of the court.

It is conceded that the subject of this controversy is, a Tennessee contract, and to be construed according to the laws of that State.

By the statute law of Tennessee, building and loan associations are authorized to lend their funds at a rate of interest not in conflict with the law of the State, and to take such premium as may be bid by the borrower for the right to preference or priority of the loan. Where the loan is made at the lawful rate of interest, and the premium paid is the result of open and competitive bidding, such premium does not render the contract usurious and illegal. *Patterson* v. *Workingman's Building Association*, 14 Lea 677; *Setliff* v. *N. N. B. & S. Ass'n*, 39 S. W., 546; and *Pioneer, &c. Co.* v. *Cannon*, 96 Tenn. 599; s. c. 33 L. R. A. 112.

It is contended that the contract of the appellant is usurious and illegal, and several grounds are alleged in support of the contention.

It is asserted that the premium paid by the appellant was uniformly required by the appellee in making its loans, and con-

stituted a fixed premium, which was contrary to law. This was attempted to be established by an alleged custom and course of dealing on the part of the Association. It does appear that a large percentage of its loans, which are proved in the case, were made at a premium rate of fifty cents per month on the one hundred dollars, which was the premium bid and contracted to be paid by the appellant. While this circumstance tends to prove that a fixed premium was charged by the Association, its by-laws, in conformity to its charter and the laws of the State, prescribe that its funds shall be lent to the member offering to pay the highest premium therefor, in addition to the lawful interest of six *per cent. per annum.* The testimony is also explicit and clear that no fixed premium was charged. While the bids were generally made at the rate of fifty cents per month on the one hundred dollars, it is proved that other amounts were bid and loans made at premiums ranging from forty to seventy cents on the one hundred dollars.

It was next claimed that in the loan to the appellant there was no competitive bidding for the right to priority or preference for the loan. The testimony, however, shows otherwise. It is proved that there were other bids in competition with that of the appellant, and that he obtained the right to the loan, because there were no higher bids.

It was further contended, in support of the alleged illegality of the loan, that payment of interest and premium for a part of the period was taken in advance out of the amount lent. It is only necessary to say with respect to this contention that it is fully met and disposed of adversely by the Supreme Court of Tennessee in the recent case of *Hughes* v. *Farmers' Savings & B. & L. Ass'n*, 46 S. W. Rep. 362.

The last objection is that the premium paid is not such a premium as the law authorizes. The ground of the objection is that the premium is not definite and certain, because its payment in instalments is provided for in the bond, and in the deed

of trust securing the same, until the stock of the appellant matures, which time is necessarily indefinite, and renders the amount of the premium uncertain. This is an erroneous construction of the contract. The premium is only payable until the maturity of the loan. That period is fixed by the bond, and the deed of trust securing it. The payment of the premium cannot be exacted beyond that time. The date of the maturity of the loan is fixed and definite, and renders the amount of the premium definite and certain. Thompson on Building Associations, (2 ed.), sec. 190.

A contract made by the appellee, of the same character and identical in form and language with that in controversy, has been very recently passed upon by the Chancery Court of Appeals of Tennessee, and upheld. *Shell* v. *Holston National B. & L. Association,* 52 S. W. The loan in that case was made under the same charter and by-laws, under the same statute law, and upon a bid of the same premium.

We find no error in the decree appealed from, and the same must be affirmed.

*Affirmed.*